**In re Hailu T. HASSEN and Hirut Hassen, Debtors.**

No. 10–00245.

United States Bankruptcy Court,
District of Columbia.

July 13, 2010.

Nathan Fisher, Fairfax, VA, for Debtors.

Darrell W. Clark, Janet M. Nesse, Katherine M. Sutcliffe Becker, Lawrence P. Block, Phyllicia M. Hoffman, Tracey Michelle Ohm, Stinson Morrison Hecker LLP, Washington, DC, for Trustee.

## MEMORANDUM DECISION AND ORDER RE OBJECTION TO EXEMPTIONS

S. MARTIN TEEL, JR., Bankruptcy Judge.

The chapter 7 trustee has objected to the debtors' exemptions under the Bankruptcy Code (11 U.S.C.). The objection will be sustained for the following reasons.

### I

Mr. Hassen resides in the District of Columbia and Mrs. Hassen resides in Virginia. The trustee's objection seeks disallowance of the debtors' election of the exemptions listed in 11 U.S.C. § 522(b)(2) (property specified in 11 U.S.C. § 522(d)), and an order directing the debtors to file an amended Schedule C applying the exemptions available under Bankruptcy Code § 522(b)(3), with Mr. Hassen claiming as any state law exemptions District of Columbia exemptions and Mrs. Hassen claiming as any state law exemptions Virginia exemptions, and compelling the debtors to turn over any property not claimed to be exempt. For the reasons that follow, I conclude that if the alternative of electing § 522(b)(2) exemptions does not exist for both spouses, the deemed-to-elect provision of the last sentence of § 522(b)(1) does not come into play, and each spouse must elect exemptions under § 522(b)(3).

### II

■ In 11 U.S.C. § 522(b)(1), the Bankruptcy Code generally gives a debtor the right to elect to exempt the property listed in § 522(b)(2) (the property specified at length in 11 U.S.C. § 522(d)) or to exempt the property exemptible under § 522(b)(3), namely:

- property exemptible under federal nonbankruptcy law (*i.e.*, federal law other than 11 U.S.C. § 522(d));

- property exemptible under the state law deemed to apply to the debtor under § 522(b)(3);

- certain interests as a tenant by the entirety or joint tenant that is exempt from process under applicable nonbankruptcy law; and

- certain retirement funds.

But the general rule has an exception: under § 522(b)(2), the exemption of property specified in § 522(d) is unavailable if "the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize." In other words, a state may opt out of letting the debtor elect the exemptions of property listed under § 522(b)(2) (the property specified in § 522(d)).

■ Mrs. Hassen is domiciled in Virginia, and under 11 U.S.C. § 522(b)(3)(A), Virginia law is the law applicable to Mrs. Hassen in determining exemptions that she could elect under state law. Virginia, within the meaning of the ending clause of 11 U.S.C. § 522(b)(2), "specifically does not ... authorize" a debtor to elect the exemptions of the property listed under 11 U.S.C. § 522(b)(2), thus making Virginia a so-called "opt out" state. Accordingly, Mrs. Hassen is barred from electing § 522(b)(2) exemptions. She has no alternative available to her: she must claim exemptions under § 522(b)(3), including any exemptions available to her under Virginia law.

■ Mr. Hassen, in contrast, is domiciled in the District of Columbia, and under 11 U.S.C. § 522(b)(3)(A), District of Columbia law is the law applicable to Mr. Hassen in determining exemptions that he could elect under state law. The District of Columbia, unlike Virginia, does not forbid Mr. Hassen's electing the exemptions of the property listed under § 522(b)(2). Accordingly, if he had filed a non-joint case, he could have elected either § 522(b)(3) exemptions or the federal bankruptcy exemptions listed in § 522(b)(2).

■ When spouses file a joint case, however, § 522(b)(1) provides that "one debtor may not elect to exempt property listed in paragraph (2) and the other debtor elect to exempt property listed in paragraph (3) of this subsection." The trustee argues that Mrs. Hassen, domiciled in Virginia, cannot elect the exemptions listed under § 522(b)(2), and must elect the exemptions available to her under § 522(b)(3). The trustee argues that, in turn, when Mrs. Hassen, as required by § 522(b)(2), elects the exemptions available to her under § 522(b)(3), § 522(b)(1) forbids Mr. Hassen, even though he is domiciled in the District of Columbia, a non-opt-out state, from electing the exemptions under § 522(b)(2). Consistent with the restrictions imposed upon Mrs. Hassen's choice of exemptions, Mr. Hassen must elect the exemptions available to him under § 522(b)(3) (including, in his case, any exemptions available under District of Columbia law).

Mr. and Mrs. Hassen respond that this preliminary analysis is incomplete because § 522(b)(1), when read in its entirety, authorizes their electing § 522(b)(2) exemptions. More fully, the relevant portion of § 522(b)(1) governing joint cases provides:

> In joint cases ... one debtor may not elect to exempt property listed in para-graph (2) and the other debtor elect to exempt property listed in paragraph (3) of this subsection. If the parties cannot agree on the alternative to be elected, they shall be deemed to elect paragraph (2), where such election is permitted under the law of the jurisdiction where the case is filed.

Mr. Hassen desires to elect under § 522(b)(2), not under § 522(b)(3), and "the law of the jurisdiction where the case is filed," the law of the District of Columbia, permits debtors to make an election under § 522(b)(2). It follows, they argue, that with Mr. Hassen desiring to elect under § 522(b)(2), even if Mrs. Hassen desired to elect under § 522(b)(3), the pertinent language of § 522(b)(1), in the case of parties who cannot agree on the alternative to be elected, would require that "they shall be deemed to elect under paragraph (2)."

■ I agree with the trustee that the last sentence of § 522(b)(1), upon which the Hassens rely, is inapplicable. Unlike this case, in a case where each spouse is deemed under 11 U.S.C. § 522(b)(3)(A) to be subject to the laws of a state that is *not* an opt out state, such that both spouses have the alternative of electing exemptions under either § 522(b)(2) or § 522(b)(3), the last sentence of § 522(b)(1) governs what to do if the spouses cannot agree on which alternative to elect. But Mr. and Mrs. Hassen's rights to elect exemptions under state law are governed by, respectively, the District of Columbia and Virginia, and the latter state *is* an opt out state. Under Virginia law, Mrs. Hassen is *required* to elect § 522(b)(3) exemptions. For her, § 522(b)(2) is not an available "alternative to be elected" within the meaning of the last sentence of § 522(b)(1). *See In re Connor*, 419 B.R. 304, 307 (Bankr. E.D.N.C.2009) (husband-debtor was *required* by North Carolina law to elect

North Carolina exemptions, and thus the last sentence of § 522(b)(1) was inapplicable).[1] It is only when the "alternative" of claiming exemptions under § 522(b)(2) is available to both spouses that the debtors can be deemed by the last sentence of § 522(b)(1) to elect § 522(b)(2) exemptions.

Under the last clause of § 522(b)(1), if the parties cannot agree on which of two alternative exemption schemes to elect, "they shall be deemed to elect paragraph (2), where such election is permitted under the law of the jurisdiction where the case is filed." The Hassens might argue that this clause dictates whether they should be deemed to have elected § 522(b)(2) exemptions, and that the trustee's interpretation would render that clause meaningless. In other words, they would argue, so long as the jurisdiction where the case is filed is not an opt out state, the alternative exemption scheme of § 522(b)(2) is deemed available to both debtors, and the debtors will be deemed to have elected § 522(b)(2) exemptions. But the last clause of § 522(b)(1) is only applicable when, under the first clause of § 522(b)(1)—reading "[i]f the parties cannot agree on the alternative to be elected"—there is the "alternative" of both spouses electing either exemption scheme. Mrs. Hassen is not permitted to elect § 522(b)(2) exemptions and is required to elect § 522(b)(3) exemptions. The "alternative" of both debtors electing § 522(b)(2) exemptions does not exist.

## III

The Hassens might argue that this approach, of treating the deemed-to-have-elected provision as unavailable when one of the debtors resides in an opt out state, renders the last clause of § 522(b)(1) surplusage, and that this renders the foregoing analysis inappropriate. I do not agree. The last clause of § 522(b)(1) reinforces the restriction set forth in § 522(b)(2) that a debtor may not "elect" § 522(b)(2) exemptions if the debtor is prohibited from making such an election by the laws of an opt-out state, and it clarifies that the deemed-to-have-elected provision is not intended to negate or alter the restriction set forth in § 522(b)(2). To the extent the court interprets the clause as restating a restriction already set forth in § 522(b)(2), there is no rule of construction prohibiting a statutory redundancy of this sort. *See In re BankVest Capital Corp.*, 360 F.3d 291, 301 (1st Cir.2004) ("There may be substantial overlap among the provisions of § 365(b)(2), but redundancy is not the same as surplusage."); *Bank Midwest, Minnesota, Iowa, N.A. v. Lipetzky*, 674 N.W.2d 176, 181 (Minn.2004) ("there is no rule of construction that precludes redundancy in a statute").

---

**1.** In *In re Connor*, the debtor-wife was allowed to elect exemptions under § 522(b)(2) and the debtor-husband was ordered to claim exemptions under § 522(b)(3), seemingly in conflict with the command of § 522(b)(1) that one spouse may not elect under § 522(b)(2) and the other under § 522(b)(3). The result was compelled by the savings clause of § 522(b)(3). The debtor-wife was subject to Florida law as the state law governing permissible state law exemptions under § 522(b)(3). But because Mrs. Connor was no longer domiciled in Florida when the case was commenced, Florida law barred her from utilizing Florida exemptions. She resorted to the last sentence of § 522(b)(3) (a hanging paragraph) which provides:

> If the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d).

She was thus *required* to resort to the exemptions listed in § 522(b)(2), specifically, the property specified in § 522(d). *In re Connor*, 419 B.R. at 306. Accordingly, for her too, there was no question of electing either § 522(b)(2) or § 522(b)(3) exemptions. The alternative did not exist.

## IV

The final clause of § 522(b)(1) provides that the "deemed-to-elect" rule does not apply when a joint case is filed in a jurisdiction whose laws do not permit the election of § 522(b)(2) exemptions. What that clause was attempting to accomplish, but did so imperfectly, was to emphasize that the deemed election of § 522(b)(2) exemptions by both spouses does not apply when the governing state is an opt out state, such that the "alternative" generally available to debtors of either § 522(b)(2) or § 522(b)(3) exemptions does not exist. In many cases (and experience teaches that it is in most cases), the last sentence of § 522(b)(1) provides a default rule for which set of exemptions the debtors are deemed to elect when they are each entitled to claim either of the two alternative exemption schemes but cannot agree. Because of its concluding clause, however, the last sentence of § 522(b)(1) does not supply an election in some joint cases even when both spouses are entitled to claim exemptions under either § 522(b)(2) or § 522(b)(3) but cannot agree.

Consider two debtors who file a case in an opt out state (say, Virginia) and who are governed by the law of a non-opt-out state (say, the District of Columbia) regarding the exemptions that may be invoked under § 522(b)(3). If the parties cannot agree on which of the two alternative exemption schemes to elect, § 522(b)(2) or § 522(b)(3), then § 522(b)(1) provides that "they shall be deemed to elect paragraph (2), *where such election is permitted under the law of the jurisdiction where the case is filed.*" [Italics added.] Because the law of Virginia, the jurisdiction where the case is filed, does not permit a debtor to elect § 522(b)(2) exemptions, the debtors will *not* be deemed to elect § 522(b)(2) exemptions even though District of Columbia law, the law that governs under § 522(b)(3), permits them to elect either § 522(b)(2) or § 522(b)(3) exemptions.

■ That shortfall in the deemed-to-elect rule of the last sentence of § 522(b)(1), caused by the sentence's last clause, does not, however, present a reason to adopt the Hassens' interpretation of the statute. All that this shortfall means is that occasionally (as in the hypothetical) a bankruptcy court will be called upon to decide which set of exemptions spouses are required to elect when they cannot agree. The statute is clear that both spouses must claim exemptions under the same provision, either § 522(b)(2) or § 522(b)(3), when the alternative of electing under either provision is available to both spouses. The deemed-to-elect provision does not alter that requirement. The statute is equally clear that if one spouse is limited to § 522(b)(3) exemptions, the other spouse may not elect § 522(b)(2) exemptions, and thus the deemed-to-elect provision of the last sentence does not come into play.

■ It is apparent that the last clause of § 522(b)(1) was a drafting error. The provision appears to have been drafted based on the erroneous assumption that debtors will file in a jurisdiction located in a state whose law governs their § 522(b)(3) exemption rights. That assumption is erroneous on two scores. First, venue under 28 U.S.C. § 1408 can be proper based on where the debtor's principal place of business or principal U.S. assets have been located, whereas the governing state for § 522(b)(3) purposes turns on where the debtor has been domiciled. Second, improper venue can be waived.

Recognizing that there was an apparent drafting error, however, does not require a different outcome in this case. Instead, it supports my interpretation of § 522(b)(1) that the deemed-to-elect provision of the

last sentence does not apply when one (or each) of the spouses is barred by state law from electing § 522(b)(2) exemptions. Recognizing that there was a drafting error supports the conclusion that the last clause of § 522(b)(1) was intended to reinforce, not to create an exception to, the rule that the deemed-to-elect provision does not come into play if one (or each) of the spouses is barred from electing § 522(b)(2) exemptions in the first place, such that the statutory "alternative" of both spouses electing § 522(b)(2) or § 522(b)(3) exemptions does not exist.

## V

An order follows sustaining the objection to exemptions, requiring the debtors within 14 days to file amended Schedules C claiming exemptions under § 522(b)(3), and requiring the debtors, within 14 days after written demand of the trustee, to turn over to the trustee any property that becomes non-exempt under the debtors' amended Schedules C.